# McKewan *v.* Woodstock Iron Co.

## *Bill in Equity for Rescission of Contract.*

1. *Rescission of contract of compromise, on ground of fraud.*—A court of equity may rescind, on the ground of fraud, an agreement in compromise and settlement of a pending suit; but the allegations of fraud in this case being denied by the answers, and unsupported by the evidence, the bill was properly dismissed.

APPEAL from the Chancery Court of Calhoun.
Heard before the Hon. S. K. McSPADDEN.

L. E. PARSONS, and R. L. CAMPBELL, for appellant.

JNO. B. KNOX, and J. H. & J. M. CALDWELL, *contra.*

STONE, C. J.—A bill was filed in 1877, by McKewan, the complainant, against Tyler and the Woodstock Iron Company. The purpose of the bill was to establish and recover the former's alleged interest in the stock and property of the Oxford Iron Company, an older corporation. Printup was counsel for complainant, McKewan. That suit was never brought to trial. In less than three months after the bill was filed, a compromise was effected; for a consideration paid, McKewan sold and conveyed his interest to the Woodstock Iron Company; and that suit was dismissed.

The present bill was filed in 1884, and seeks to set aside that compromise and conveyance, on the ground of alleged fraud. The fraud charged is, that Printup, McKewan's counsel, betrayed his trust, became the agent of the Woodstock Iron Company, misrepresented the condition and value of the Oxford Iron Company's property, recommended the settlement and compromise, and induced complainant to sacrifice his interest for greatly less than its value. These averments embrace the fundamental facts on which relief is claimed. Without them complainant's bill is without merit. *Billingslea v. Ware,* 32 Ala. 415. The answers put these averments in issue.

In support of these averments, complainant and two others were examined as witnesses. We have no wish to dissect or

comment on their testimony. ' Considered in connection with the contemporary correspondence between McKewan and Printup, it is utterly insufficient to sustain any one of the charges referred to above.

Affirmed.

CLOPTON, J., not sitting.